IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNATHON DOUGLAS, #448602, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:25-cv-00472 |
| | ) |
| DAMON HINNINGER, et al., | ) Judge Richardson |
| | ) Magistrate Judge Frensley |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Johnathon Douglas and Kentavis Jones, who are currently in the custody of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se complaint, alleging violations of their civil rights. (Doc. No. 1). They have since filed an Amended Complaint (Doc. No. 8). The Amended Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    FILING FEE**

Plaintiffs filed separate Applications for Leave to Proceed In Forma Pauperis ("IFP Applications") (Doc. Nos. 2, 3). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiffs' IFP Applications and supporting documentation, it appears that Plaintiffs lack sufficient financial resources from which to pay the full filing fee in advance. Therefore, their IFP Applications (Doc. Nos. 2, 3) will be granted.

Under § 1915(b), Plaintiffs nonetheless remain responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiffs are hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of each Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to each Plaintiff's account; or (b) the average monthly balance in each Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from each Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to each Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Trousdale Turner Correctional Center to ensure that the custodian of each Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If either Plaintiff is transferred from his present place of confinement,

the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows that Plaintiff to his new place of confinement for continued compliance.

## II. SCREENING THE AMENDED COMPLAINT

A. <u>PLRA Screening Standard</u>

The Amended Complaint[1] is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110

---

[1] "A party may amend its pleading once as a matter of course no later than . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs filed their Amended Complaint before any responsive pleading or Rule 12 motion was filed—indeed, before any Defendants had been served. Accordingly, Plaintiffs did not require leave of Court to file this Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

(6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>Section 1983 Standard</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009); 42 U.S.C. § 1983.

C. <u>Facts Alleged in the Amended Complaint</u>[2]

Plaintiffs name no Defendants in the body of the Amended Complaint, but they list two Defendants in the caption: (1) CEO Damon Hinninger and (2) Vince Vantell, Warden. (Doc. No. 8 at PageID # 45). The Amended Complaint also notes that Trousdale Turner Correctional Center has a new Warden, Guy Bosh. (*Id.*)

Plaintiffs allege that they were seriously injured in an altercation on October 15, 2024. (*Id.*) Despite their injuries, they received no medical attention. (*Id.*) Nor were they transferred to a different cell house. (*Id.*) Plaintiffs allege that some unidentified official was aware of the risk of injury but did nothing to abate it. (*Id.*) Plaintiffs were later assaulted again. (*Id.*) Plaintiffs were also written up for their role in the October 15 incident. (*Id.* at PageID # 46). They believe they were written up "to cover up the negligence." (*Id.*)

---

[2] The Amended Complaint, once filed, completely replaced the original Complaint. *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes."). Thus, the Court recites and considers only the facts alleged in the Amended Complaint.

Plaintiffs seek compensatory damages, punitive damages, and an immediate injunction for transfer to another facility. (*Id.*)

D. <u>Analysis</u>

"To prevail in a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional violations." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 850 (6th Cir. 2020) (quotation marks and brackets omitted). Here, Plaintiffs do not allege facts from which the Court may reasonably infer that Mr. Hinninger or Warden Vantell were involved in any constitutional violation. Specifically, Plaintiffs do not allege facts from which the Court may infer that Mr. Hinninger or Warden Vantell was involved in any decisions regarding Plaintiffs' housing assignments or medical treatment.

Because Plaintiffs do not allege facts from which the Court may infer that Mr. Hinninger or Warden Vantell was personally involved in an alleged constitutional violation, Plaintiffs fail to state a Section 1983 claim upon which relief may be granted. Accordingly, the Amended Complaint will be dismissed.

### III. OPPORTUNITY TO AMEND

Plaintiffs will have an opportunity to file a second amended complaint (if appropriate) to allege facts from which the Court may infer that one or more Defendants were personally involved in some violation of Plaintiffs' constitutional rights. If Plaintiffs choose to file a second amended complaint, they must do so within 30 days of this Order.

If Plaintiffs submit a timely second amended complaint, the Court will screen the second amended complaint pursuant to the PLRA in due course. If not, at the expiration of the 30-day period, this action will be dismissed.

## IV. MOTION FOR "EMERGENCY PROTECTIVE ORDER"

Plaintiffs have filed a "Motion for Emergency Protective Order" seeking immediate transfer from Trousdale Turner Correctional Center to West Tennessee Prison. (Doc. No. 6). This motion is properly considered a motion for temporary restraining order (TRO). As explained below, the Court cannot consider the merits of the motion in its current form.

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, although Plaintiffs' request was made by written motion separate from the Amended Complaint, it was not supported by a verified complaint or affidavit, and it was not accompanied by a memorandum of law. It also did not explain any effort made by Plaintiffs to give notice of the TRO motion to Defendants or why notice should not be required. As such, Plaintiffs have not placed specific facts before the Court in a manner allowing it to fairly evaluate his motion seeking immediate emergency relief on the merits. The motion will be denied for these reasons.

## V. MOTION TO APPOINT COUNSEL

Plaintiffs have filed a Motion to Appoint Counsel. (Doc. No. 7). The Supreme Court has held that "an indigent's right to appointed counsel ... exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604−05 (6th Cir. 1993). In their Motion to Appoint Counsel, Plaintiffs recite the applicable legal standards. (Doc. No. 7). However, they do not identify any extraordinary circumstances that require the appointment of counsel in this case. Accordingly, Plaintiffs' Motion to Appoint Counsel will be denied without prejudice.

## VI. CONCLUSION

Plaintiffs' IFP Applications (Doc. Nos. 2, 3) are **GRANTED**.

Plaintiffs' Amended Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. Plaintiffs will have 30 days from the entry of this Order to file a viable second amended complaint.

Plaintiffs' Motion for Emergency Protective Order (Doc. No. 6) is **DENIED** without prejudice.

Plaintiffs' Motion to Appoint Counsel (Doc. No. 7) is **DENIED** without prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE